UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN DANIEL BOWMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>SGT. HASS and ADAM ONDO,<br><br>                    Defendants. | Case No. 1:20-cv-00169-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Justin Daniel Bowman's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B) & 1915A(b).

## 2.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are

insufficient for the reviewing court plausibly "to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more

than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal

quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's

liability," or if there is an "obvious alternative explanation" that would not result in

liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at

678, 682 (internal quotation marks omitted).

## 3.     Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction,

currently incarcerated at the North Idaho Correctional Institution. The events giving rise

to Plaintiff's claims occurred when he was incarcerated at the Jerome County Jail.

Plaintiff asserts that, sometime between August 30, 2019 and March 20, 2020,

Defendant Hass, a sergeant at the Jerome County Jail, told Plaintiff that Plaintiff would

not be allowed "access to appeal info or post conviction relief packets." *Compl*., Dkt. 3,

at 2. Hass's rationale was that Plaintiff was no longer facing pending criminal charges—

he had apparently been convicted—and that Plaintiff had an attorney who was responsible for continuing to challenge Plaintiffs' conviction. Plaintiff responded that he did not, in fact, have an attorney. Hass stated that Plaintiff would not be allowed access to such information unless Plaintiff "had documented proof from courts [that he was] pro se." *Id.*

Plaintiff claims that these actions deprived him of his right to access the courts under the First and Fourteenth Amendments. *Id.* at 2. He states that, because of these restrictions, he "was denied [his] appeal/petition to the courts for not properly filing paperwork in the time limits"; thus, Plaintiff "was not able to seek relief from 4th, 6th Amendment due process violations," which had caused him to be wrongfully incarcerated. *Id.*

## 4.    Discussion

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.    *Standards of Law Governing Plaintiff's Claims*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). This requirement of state action means that § 1983 does not provide a remedy for purely

private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his

subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

Prisoners have a right to access the courts under the First and Fourteenth Amendments. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

To state a viable access-to-courts claim, a plaintiff must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Id.* at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351.

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id*. at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360 (emphasis added). Further, as with all § 1983 claims, a plaintiff cannot state an access to

courts claim by alleging that a negligent act by a government official caused the actual injury of which the plaintiff complains. *Krug v. Lewis*, 852 F.2d 571 (Table), 1988 WL 74699, *1 (9th Cir. July 6, 1988) ("While prisoners have a due process right of access to the courts, the negligent act of a public official does not violate that right.") (unpublished) (citing *Daniels*, 474 U.S. at 333).

The right of access to the courts is limited and applies only to direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354-55; *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.") (emphasis omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis omitted).

Claims of denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (a forward-looking access claim) or from the loss of a suit that now cannot be tried (a backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002). A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) the loss (or expected

loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415-17.

A prisoner asserting an access to courts claim must also allege facts showing that the alleged violation of his rights was proximately caused by a state actor. *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007), *vacated on other grounds*, *Hust v. Phillips*, 550 U.S. 1150 (2009); *see also Crumpton*, 947 F.2d at 1420. The proximate cause analysis focuses on whether it was foreseeable that the state actor's conduct would result in a deprivation of the prisoner's right of access to the courts. *Phillips*, 477 F. 3d at 1077 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000)).

The Constitution guarantees an accused "the right to represent himself or herself pro se or to be represented by an attorney," but it does not include a right to elect to be represented by counsel and *also* to represent oneself or serve as one's own co-counsel. *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation …."). Therefore, the right of access to the courts does *not* extend to a prisoner who is represented by counsel in the proceeding with respect to which he claims a right of access. If a prisoner chooses to be represented in that underlying proceeding, he does not have his own, separate right to access the courts from behind prison walls with respect to that proceeding. *See Byerly v. Idaho Bd. of Corr.*, No. 1:19-

CV-00229-DCN, 2019 WL 3848783, at *4 (D. Idaho Aug. 14, 2019) ("If Plaintiff has indeed chosen to be represented by counsel in his pending criminal case, he cannot now complain that he should be allowed to access the courts in that case apart from that counsel.").

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B.  *The Complaint Does Not State a Plausible Access-to-Courts Claim*

As an initial matter, Plaintiff's § 1983 claims against Defendant Ondo, Plaintiff's former public defender, are implausible because Ondo is not a state actor. In *Polk County v. Dodson*, the United States Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. 312, 325 (1981). The Court so held because "it is the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages," *id.* at 321-22, and because a public defender "best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the undivided interests of his client," *id.* at 318-19 (internal quotation marks omitted). "[A] public defender is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added). Therefore,

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

Defendant Ondo is not subject to suit under § 1983. This claim is implausible for the additional reason that the Complaint contains no factual allegations against Ondo.

Plaintiff also has not stated a plausible access-to-courts claim against Defendant Hass. The Complaint does not describe the underlying claim or cause that Plaintiff was allegedly frustrated from pursuing—which, "whether anticipated or lost, is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Indeed, there are no facts explaining Plaintiff's underlying criminal case—the case with respect to which he asserts the right of access—at all. Plaintiff must set forth the facts underlying the case he was prohibited from pursuing, as well as the claims he would have asserted—in an appeal or a post-conviction review petition—to the same extent as if he were independently pursuing those claims. That is, any amended complaint must include facts raising a plausible inference that Plaintiff had a nonfrivolous or arguable legal claim that, but for Defendant Hass's actions, Plaintiff would have been able to assert in an appeal or post-conviction petition. Merely stating that his Fourth and Sixth Amendment rights were violated in his underlying criminal case, or that he is wrongly incarcerated, is insufficient. *See Compl*. at 2.

Plaintiff should keep these standards in mind if he files an amended complaint. The amended complaint should include not only a description of the facts and procedural history of Plaintiff's criminal case and explain the claims he intended to pursue, but also relevant dates, such as the filing deadlines and the dates that Hass hindered Plaintiffs' access.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

5.      **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying each element of an access-to-courts claim; (7) the injury or

damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.     Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice.

2.     Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 29, 2020

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12